## FLYNN VS. EQUITABLE SAVING FUND.

Where a member of a building association who has borrowed money from the association at a premium defaults in his payments, he is not entitled to a deduction on his account of a portion of the premium.

Error to Common Pleas of Schuylkill County. No. 274 January Term, 1880.

*Sci. fa. sur* mortgage by the Equitable Saving Fund and Building Association against Thomas W. Flynn. The defendant filed an affidavit of defence, which appears sufficiently in the opinion of the Court below upon a rule for judgment for want of a sufficient affidavit of defence, as follows, per

Pershing, P. J :

The defendant, who was a member, executed to the plaintiff a mortgage for $1,600, intended to cover a loan made to him at the time of the transaction and any future loans. He bought out three shares of his stock amounting to $600, and it is for this amount and no more that the present suit was

brought on the mortgage. The allegation in the affidavit of defence, that defendant did not receive a loan of $1,600 was not pressed by his counsel on the argument.

The other points of the affidavit are in substance as follows:

1. The defendant only received on this loan sued for about $370, after deducting the premium and other expenses.

2. Defendant paid into said saving fund as stock and interest dues, from Nov. 25, 1872, to Sept. 24, 1876, $342 at which time he defaulted.

3. That during this time he paid one-half per cent. a month interest on $600, which was interest on the money actually received on the loan and also on the premium bid.

4. That the shares would reach their full value at the end of eight years and a half, possibly at the end of eight years; that for the balance of time, viz., about three and a half years, until the shares would run out, defendant would be liable to pay the stock and interest dues to said Fund, which would amount to $252; that defendant is entitled to have deducted under the charter and by-laws of said fund, one-eighth of the premium paid for each of the years as is unexpired.

5. That by defendant's mode of calculating fines, interest, &c., on a basis of eight and a half years for the shares to run, the amount due by him to the plaintiff would be $180.

6. That plaintiff refused to reduce the amount named in the mortgage to $600, whereby defendant was damaged to the amount of $1,000.

The constitution and by-laws of this association are referred to in the affidavit of defence, and were submitted to the Court. Article 9, Section 1, of the by-laws, provides that when a borrower repays a loan before the expiration of the eighth year there shall be refunded to him one-eighth of the premium paid for every year of the said eight years unexpired. The defendant does not allege that he repaid his loan to the association; on the contrary, he admits his default. He has by this placed himself outside of the privilege conferred by this provision. Nor do we find that the plaintiff in its dealings with the defendant has exceeded the powers vested

in it by its charter under the Act of Assembly.   The Building Association Act of April 12, 1859, P. L. 544, declares expressly that in case of non-payment of instalments or interest by borrowing stockholders for the space of six months, payment of principal and interest without deducting the premium paid, or interest thereon, may be enforced by proceeding on their securities according to law.   It is further provided that no premiums, fines or interest on such premiums, that may accrue to the said corporation according to the provisions of this Act, shall be deemed usurious; and the same may be collected as debts of like amount are now by law collected in this Commonwealth; Purd Dig., 184, pl 4 and 6.   This legislation is an answer to a number of the points suggested in the affidavit of defence.   What remains appears to be covered by the decision of the Supreme Court in the case of Selden vs. The Building Association, 2 W. N. C., 481.   In that case a mortgage was given for $3,000.   The defendant in his affidavit alleged he had received but $1,800, and that he had paid to the association more than $800, judgment was entered for want of a sufficient affidavit of defence for the full amount of the mortgage, with accrued interest, fines and dues.   In affirming this the Supreme Court referred to the Act of 1859, and said, *inter alia*, "it is plain that in such a proceeding it is no defence to say that the borrower has only received a certain sum, for the difference between that and the face of the mortgage is presumptively the premiums, which the Act makes legal. Nor is it enough to state he has made a certain payment or payments, unless he goes on to state on what account the payments were made.   Presumptively they were fines and dues. Indeed the affidavit in this case does not state that the payment was made on account of the debt sued for, and would be bad in any ordinary proceeding on a bond or note.

"It may be observed of the case in hand, that the affidavit expressly avers that the payments made by the defendant were on account of stock and interest dues.   It alleges no payment on the mortgage, the claim in suit.   Tested by the Act of Assembly and numerous judicial decisions this affidavit fails to set out a legal defence.   If, as was strenuously argued, these associations use their powers oppressively, a remedy must be

sought from the legislative department of the government. Courts are bound to follow the law, whatever may be the hardship of any particular case.

And now, December 29, 1876, rule made absolute and judgment is directed to be entered in favor of the plaintiff for want of a sufficient affidavit of defence. Same day damages assessed at $448.35."

Defendant took this writ assigning for error the entry of judgment.

---

*W. F. Shepherd, Esq.,* for plaintiff in error, argued that the affidavit was sufficient and cited Hill vs. Bramall, 1 Miles, 352; West vs. Simmons, 2 Wharton, 261; Thompson vs. Clark, 56 Pa., 33.

*D. C. Henning, Esq., contra.*

The Supreme Court affirmed the judgment of the Common Pleas on March 31st, 1880, in the following opinion,

PER CURIAM:

The judgment is affirmed upon the opinion of the learned judge of the Court below.

Judgment affirmed.